# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**CHARLES TORNS, JR., #32205**                                          **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:08-cv-61-KS-MTP**

**M.D.O.C., GENEVE BRELAND,**
**CAPTAIN LOYD BEASLEY,**
**RONALD KING, CHRISTOPHER B. EPPS,**
**AND OTHER JOHN, JANE DOES**                                          **DEFENDANTS**

## ORDER

This cause is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* and for order commanding South Mississippi Correctional Institution's medical physicians and staff to refill medications [6] filed April 14, 2008.  Having considered the issues raised in the motion, the Court finds that the motion is not well taken and should be denied.

On March 19, 2008, the Plaintiff filed this complaint.  On April 9, 2008, an order was entered denying Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,  brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This Court found that the Plaintiff had on at least four occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  The order directed the Plaintiff to pay the $350.00 filing fee within thirty days of the date of the order.

Liberally construing the motion at bar, the Plaintiff argues for the first time that his

complaint falls within the three-strikes exception of § 1915 (g), "imminent danger of serious physical injury." Plaintiff's motion states that "because of the ongoing menacing imminent danger of serious physical injury ..." [6 at p. 2]because the medical staff refuses to refill his medication. Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. *Id.* "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Having reviewed the allegations in the Plaintiff's original complaint filed March 19, 2008, the Court finds no assertions which indicate that the Plaintiff was facing "impending" serious physical harm at the time of filing this complaint. Only after the April 9, 2008 order was filed did the Plaintiff state that he was facing "imminent danger". [6 at p. 2] The Court finds Plaintiff's allegations regarding his medication not being filled insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Edmond v. Texas Dep't of Corrections, et al.*, No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998) (unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); *Humphrey v. Lopez*, No.

5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination fail to establish imminent danger of serious physical injury); *Cain v. Shilling*, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); *Ford v. Foti*, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); *Gallagher v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); *Carson v. TDCJ-ID*, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).

     Furthermore, the Plaintiff's use of the phrase imminent danger in his motion is simply an effort to craft his pleadings in a manner which would circumvent the § 1915(g) bar. In sum, the Plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir.1998); *Choyce v. Domiguez*, 160 F.3d 1068 (5th Cir.1998). Accordingly,

     IT IS ORDERED that Plaintiff's motion [6]is hereby **denied.**

     IT IS FURTHER ORDERED that Plaintiff has **until and including April 30, 2008** to pay the required filing fee of $350.00 or this action will be dismissed, without further written

notice to the plaintiff.

SO ORDERED this the 17th day of April, 2008.

>*s/ Keith Starrett*
>UNITED STATES DISTRICT JUDGE